```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA       :    CRIMINAL ACTION
                               :
         v.                    :
                               :
THOMAS HEILMAN                 :    NO. 07-75-4
```

MEMORANDUM

Bartle, C.J.                                            May 21, 2007

      Defendant Thomas Heilman has filed a motion, pursuant to 18 U.S.C. § 3145(b), seeking review and revocation of the Magistrate Judge's order detaining him pending trial.[1]

      On January 17, 2007, defendant was transferred from state custody and charged in a three count criminal complaint with conspiracy to distribute, and possession with intent to distribute, approximately 25 pounds of crystal methamphetamine between January 2006 and June 2006, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. He was indicted by the grand jury on these charges on February 14, 2007. A superseding indictment, adding a fifth defendant, followed on April 11, 2007. Defendant is alleged to have been a part of the "Breed Drug Organization," which the Government describes as a large-scale drug operation and violent outlaw motorcycle gang in the Bucks

---

1. Defendant incorrectly denominated this motion as a motion seeking review/appeal of detention order. See 18 U.S.C. §§ 3145 and 3731 and 28 U.S.C. § 1291.

County, Pennsylvania area.  The trial in this multi-defendant action is scheduled for September.

On January 22, 2007, at a pretrial detention hearing, the Magistrate Judge found by a preponderance of the evidence that there were no conditions or combination of conditions which will reasonably assure the appearance of the defendant and further found by clear and convincing evidence that no conditions or combination of conditions will reasonably assure the safety of other persons and the community.  The Magistrate Judge ordered that defendant be detained without bail prior to trial pursuant to 18 U.S.C. § 3142(e).  Defendant has recently filed the pending motion seeking release on bail.  We held a hearing on May 15, 2007.  Our review is de novo.  United States v. Delker, 757 F.2d 1390, 1395 (3d Cir. 1985).

The Bail Reform Act governs the issue of pretrial detention.  18 U.S.C. § 3142.  The Act provides that "[i]f, after a hearing ... the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial."  18 U.S.C. § 3142(e).  There is a rebuttable presumption "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of

ten years or more is prescribed in the Controlled Substances Act ...."  Id.  Here, there is probable cause to believe defendant has violated 21 U.S.C. §§ 841(a)(1), and 841(b)(1)(A), and 846, all provisions of the Controlled Substances Act.  If convicted, defendant will face a mandatory minimum term of ten years imprisonment.  Therefore, we must review the factors identified in § 3142(g) to determine if defendant has rebutted this presumption.  These factors include:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person
>
> (3) the history and characteristics of the person, including-
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The statutory factors weigh strongly in favor of detention.  The Government has charged defendant with the very serious crimes of conspiracy to distribute and possession with intent to distribute approximately 25 pounds of crystal methamphetamine and has presented evidence to establish probable cause for the charges filed.  Defendant also has a substantial criminal history dating back to 1974, with three convictions for violent offenses, including aggravated assault and terroristic threats, and for drug possession and concealed firearms.  Although defendant is correct that he has had no criminal convictions since 1992, the extent and character of his criminal history are significant.

In addition, the Government described two recent instances which it believes demonstrate that defendant would be a danger to other persons or to the community if he were released.  First, the Government produced a report filed by a correctional officer at the Bucks County Prison.  While it is hearsay, we find it to be reliable.  On September 4, 2006, defendant threatened that officer, stating "If I ever see you on the streets, you're f***ing dead!  Do you know who I am? ... Come knock on my door sometime and you'll be done."  Second, the Government read into the record excerpts from two telephone calls between defendant and his girlfriend in late December 2006, recorded while defendant was incarcerated at the Bucks County Prison.  During these conversations, defendant spoke repeatedly about a former Breed Drug Organization member, Kenneth Steinmuller, whom

defendant believed to be cooperating with the Government.  At one point, he stated:  "[Steinmuller's girlfriend] should put his boots and some of his clothes on the bed like he ... like they're ... covering a dead man, you know with the arms crossed and a lily."  Although in the context of the entire recorded conversation, this excerpt appear to be a less serious threat than the Government contends, these two recent instances do give rise to substantial concern.

  Defendant sought to rebut the presumption by presenting and proffering evidence of his community ties and non-violent disposition.  He introduced the testimony of a witness who has known him for more than thirty years and who considered him to be a kind and helpful person.  The witness testified that she has never known defendant to be violent and that he has always lived in the Bucks County community.  The Government, however, established on cross-examination that the witness was not aware of defendant's prior convictions for aggravated assault and other violent acts or defendant's admitted methamphetamine addiction.  Defendant also maintains that the evidence in the case is not so strong as to him as it is to his co-defendants.  He contends that there is no evidence that he personally is violent, although he admits belonging to an organization with a reputation for violence.

  We do not find defendant's evidence to be persuasive.  The defendant's proffered evidence, even if considered, does not change the picture.   Whether or not defendant is a risk of

flight, he clearly poses a substantial danger to other persons and to the community.  There is simply no condition or combination of conditions of bail that would assure their safety. Defendant has not rebutted the presumption against release.

Accordingly, the motion of the defendant for review and revocation of the Magistrate Judge's order for detaining him pending trial will be denied.

```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA        :       CRIMINAL ACTION
                                :
            v.                  :
                                :
THOMAS HEILMAN                  :       NO. 07-75-4
```

ORDER

          AND NOW, this 21st day of May, 2007, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that the motion of the defendant, Thomas Heilman, for review and revocation of the detention order entered by the Magistrate Judge (incorrectly denominated a motion seeking review/appeal of detention order) (Docket #78) is DENIED.

                                    BY THE COURT:

                                  /s/ Harvey Bartle III
                                                                     C.J.